IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 13-CR-30234-DRH |
| ) | |
| KATRAELYUS T. FRANKLIN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the parties' joint motion for interlineation of the indictment (Doc. 34). On October 23, 2013, a grand jury returned a one count indictment for the above captioned defendant. In light of recent case law,[1] the parties request leave to amend the indictment, pursuant to Rule 7(e) of the Federal Rules of Criminal Procedure, by replacing "having previously been convicted of a felony punishable by imprisonment for a term exceeding one year, namely: Unlawful Use of a Weapon on School Property, in Circuit Court of St. Clair County, on February 24, 1997, in Case No. 96-CF-380," with "having previously been convicted of a felony punishable by imprisonment for a term exceeding one year, namely: Unlawful Possession of Controlled

---

[1] Specifically, the parties have considered the U.S. Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), holding that the Second Amendment protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home," 554 U.S. at 635; the Seventh Circuit's decision in *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012), *reh'g en banc denied*, 708 F.3d 901 (7th Cir. 2013), holding that, under a facial challenge, provisions of Illinois' Aggravated Unlawful Use of a Weapon statute violates the Second Amendment's right to bear arms for self-defense outside the home; and the Supreme Court of Illinois' decision in *People v. Aguilar*, 2013 IL 112116, 377 Ill. Dec. 405, 2 N.E.3d 321, 328 (Ill. 2013), holding that the Aggravated Unlawful Use of a Weapon statute violates the Second Amendment.  Illinois' Aggravated Unlawful Use of a Weapon statute is the same statute which the Indictment references as the Defendant's predicate felony offense.

Page **1** of **2**

Substance, in Circuit Court of Madison County, on March 28, 2012, in Case No. 10-CF-223,".

The motion is **GRANTED**.

**IT IS SO ORDERED.**

Signed this 2nd day of February, 2015.

Digitally signed by
David R. Herndon
Date: 2015.02.02
12:46:23 -06'00'

**United States District Judge**